# CASES

DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1910.

---

Illinois Custom Tailoring Company, Defendant in Error, v. Adams Express Company, Plaintiff in Error.

## Gen. No. 15,311.

1. EXPRESS COMPANIES—*what establishes prima facie case of loss of merchandise delivered for transportation.* Held, that the dates of the receipts given by the company's agent and other evidence tended to show that sufficient time had elapsed for the merchandise to be transported to destination and tendered to the consignee, and that this, coupled with proof that the merchandise had not been returned or the money therefor paid to the consignor, established a *prima facie* case of liability as against the company where it had received the merchandise for delivery c. o. d.

2. EXPRESS COMPANIES—*when limitations printed upon receipt not enforced.* In the absence of a showing of knowledge of or assent to the limitations of liability printed upon a receipt issued by an express company, such limitations cannot be enforced against the consignor.

3. ABBREVIATIONS—*meaning of letters "c. o. d."* These letters have a well-defined meaning in the commercial world and evidence of such meaning is competent.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. ISIDORE H. HIMES, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed November 10, 1910. Rehearing denied November 25, 1910.

CHARLES B. ELDER, for plaintiff in error.

DAVID K. COCHRANE, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The plaintiff sued for money claimed to be due from

defendant on account of merchandise delivered to the defendant to be forwarded C. O. D. to parties designated. The issues were submitted to a jury, which returned a verdict in plaintiff's favor for $157.53, upon which judgment was entered.

Plaintiff was engaged in manufacturing custom made clothing for customers in various parts of the country, to whom it was shipped through the defendant Express Company. In this case fourteen separate shipments were originally included. Upon receiving the packages in question the defendant by its agent signed receipts, using a printed form. These receipts were substantially like the following:

"Invoice No. 65144. Acc't No. 3489. Date 10/31/7. Sold to Brown Bros. C. O. D. $23.50.

Town, Central P. O., State S. C.

Illinois Custom Tailoring Co. Wholesale Tailors. The largest Custom Garment Makers in the World, 47-151 Fifth Ave., Chicago. Terms Net. Remit in New York or Chicago Exchange and make drafts payable to Illinois Custom Tailoring Co. All bills not paid at maturity subject to sight draft. Shipped Nov. 4, 1907. Received of Illinois Customs Tailoring Co., Chicago, U. S. A. The property above described to be forwarded subject to the terms and conditions of the Company's form of Receipt. Signed for the Company Townsend."

There is evidence tending to show that neither the money for these goods nor the goods themselves had been returned to the plaintiff. There was evidence tending to prove defendant had tendered plaintiff six returned C. O. D. packages which plaintiff refused to receive. This evidence was stricken out. There was no other evidence offered tending to show what had been done with any of the shipments in controversy; and whether the packages so tendered were any of the goods in question does not appear.

It is urged in defendant's behalf that "aside from the C. O. D. contract the principal question in the case was as to whether by mere proof of the de-

376    APPELLATE COURTS OF ILLINOIS.

Illinois Custom Tailoring Co. v. Adams Ex. Co., 158 Ill. App. 374.

livery of goods marked C. O. D. and that the money had not been returned, the plaintiff could compel the defendant to prove that it had performed its full duty as to each shipment." The argument is that the burden of proof is on the plaintiff and that there was no evidence of breach of duty by defendant. Defendant concedes that if the consignee refused to take the goods the defendant's duty was to "notify the shipper and await instructions." There is no evidence called to our attention that the defendant did this. There is undisputed evidence tending to show that the defendant has not delivered to plaintiff the money on any of these shipments, and no evidence tending to show whether the consignees refused to take the goods and pay for them or not, nor what has become of them. The defendant has so far as appears failed to perform an affirmative duty in not having notified the plaintiff in case any of the consignees in these cases refused to take and pay for the goods. The dates of the receipts signed by the Company's agent and other evidence tended to show that sufficient time had elapsed for them to be transported to their destinations and tendered to the respective consignees. This evidence suffices, as is said in Hutchinson on Carriers (3rd ed., vol. 3, sec. 1352, p. 1596), cited by defendant's counsel, to "create the inference against the defendant, * * * as for instance that they have been bailed to the carrier a sufficient time to be transported to their destination and had not been received or delivered to the person entitled to them to whom they were consigned." This proof suffices to meet the burden imposed upon the plaintiff in making out a *prima facie* case against the defendant and it is not by evidence in defendant's behalf.

It is further contended that "the court erred in its rulings on the C. O. D. contract;" that "the receipt and the terms and conditions to which it refers were to be construed together as one instrument and parol evidence was not admissible to vary them or to explain

any of their terms unless there was an ambiguity therein.'' The contention is in effect that the letters C. O. D. are ambiguous. If so, then the evidence tending to show the customary meaning of these letters was on the defendant's own argument admissible. We find no material error in the admission of this evidence. That these letters (C. O. D.) when used in such connection as in this case have a well recognized meaning in the commercial world, is so well understood that evidence of such meaning might seem to be superfluous. Whether so or not the evidence was we think properly admitted. In the American Express Company v. Lesem, 39 Ill. 312-332, it is said: ''The letters (C. O. D.) are the initials and so understood of the words 'collect on delivery,' and this undertaking, by those letters the appellant assumed and they must be held to a strict performance thereof.''

It is claimed the verdict is against the evidence and that the court erred in its rulings on the evidence and in its instructions. It is said ''there is no evidence that any of the defendant's receipts contained conditions different from those proven by the defendant and the presumption is they were the same.'' The receipts in controversy were ''subject to the terms and conditions of the Company's form of receipt.'' The condition of one of its forms of receipt was apparently that the defendant Company should not be liable ''for loss, damage or detention'' of property unless a claim therefor should be ''presented to it in writing at its office within ninety days from this date;'' and that the Company should not be liable in any suit to recover for such loss, damage or detention, ''unless the same shall be commenced within one year after such loss, damage or detention shall have occurred.'' The witness for plaintiff upon this subject testified in substance that he did not remember the form of any of those receipts, that he never read them and did not know their contents. There was no evidence tending to show that these provisions of any of the defendant's forms of

receipts were ever made known to or assented to by the plaintiff's officers or agents. Whether or not there was or had been such knowledge or assent was a question for the jury upon proper evidence. The jury by their verdict must be deemed to have determined the question adversely to defendant, and upon the evidence presented they could not well have done otherwise. The court instructed the jury that defendant must show by a preponderance of evidence that conditions of a form of receipt, not as we think at all clearly shown by the evidence to be one referred to in the receipts given by the defendant in this case, "were made known to and assented to by the plaintiffs." It is said this instruction is not supported by the evidence. We do not concur in this contention. The defendant offered no evidence.

We find no material or harmful error in the verdict and judgment. They are in our opinion sufficiently supported by the evidence. The judgment of the Municipal Court will be affirmed.

*Affirmed.*